GARCÍA, PLAINTIFF AND APPELLANT, v. COSTA ET AL., DEFENDANTS
AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in
an Action to Recover for Professional Services.

No. 1566.—Decided June 19, 1917.

PROFESSIONAL SERVICES—MEDICAL ATTENDANCE—CONJUGAL PARTNERSHIP—AU-
THORIZATION OF HUSBAND.—In order that the wife may bind a conjugal
partnership for professional medical services to a daughter who was eman-
cipated by marriage and had established an independent home and entered
into a distinct conjugal partnership with her husband with duties and obliga-
tions of its own, the authorization of the husband is necessary, for he is
the manager of the property of the conjugal partnership, and such authoriza-
tion must be proved.

The facts are stated in the opinion.

*Mr. Eduardo López Tizol* for the appellant.

*Messrs. Francisco de la Torre* and *Pedro Gómez Laserre*
for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

The plaintiff, Dr. Esteban García Cabrera, filed a com-
plaint in the District Court of San Juan, Section 1, praying
that the defendant spouses José Costa and Marcolina Mo-
rales be adjudged to pay him the sum of $505 for professional
services rendered, together with costs, expenses, disburse-
ments and attorney fees.

As material grounds for his action the plaintiff alleged
that early in the month of November, 1914, he was engaged
by the defendants to take charge of the treatment and cure
of their daughter, Isabel Costa y Morales, who at the time
was sick in the city of San Juan, and by virtue of an agree-
ment between the plaintiff and the defendants that the latter
would pay the former his fees from the day of the engage-
ment until the patient was restored to health, he rendered
professional services to the said patient for account of the
defendants for approximately two months, which services he
values at the sum of $505, and the defendants have refused

to pay the same notwithstanding the demands made and steps taken by him to collect the amount.

In their answer to the complaint the defendants deny that the husband, Juan Costa, or the wife, Marcolina Morales, personally or with the authorization of her husband, solicited on any occasion the professional services of the plaintiff for the treatment and cure of their daughter Isabel Costa, she being an adult woman and married to Gaspar Forteza, who would be liable for the amount claimed if due.

The case went to trial and the court rendered judgment on March 16, 1915, dismissing the complaint with costs against the plaintiff. This judgment is submitted to us for review on appeal taken by the plaintiff.

As grounds for the appeal the appellant alleges: 1, That the court erred in weighing the evidence, (*a*) because the preponderance thereof was in favor of the plaintiff and against the defendants; (*b*) because the evidence shows that the defendant wife contracted with the plaintiff in the name of the conjugal partnership; (*c*) because it was proved that the husband authorized his wife to order everything necessary for the cure of their sick daughter Isabel Costa; and 2, that the court also erred by the improper application of articles 61 and 1416 of the Spanish Civil Code which were expressly repealed by our legislature.

The action was brought on the theory that the conjugal partnership composed of the defendant spouses, José Costa and Marcolina Morales, agreed with the plaintiff to pay him the fees for medical attendance rendered their daughter Isabel Costa y Morales. The San Juan court, in the opinion on which it based its judgment, reached the following conclusion:

"In order to bind the conjugal partnership in a case like the present, Marcolina Morales must have been authorized by the manager of the conjugal partnership, and as no evidence has been produced to show that such authorization was given, we are of the opinion that the plaintiff is not entitled to recover from the defendants the amount sued for."

The evidence introduced at the trial sustains the above conclusion and we find no sufficient reason for disturbing the same.   Let us review the evidence:

Dr. Esteban García Cabrera testified that at the request of Gaspar Forteza, husband of Isabel Costa, he attended her professionally from the end of October until November 10 or 11, 1914, on which date he met Marcolina Morales at the home of the patients and spoke to her regarding the condition of her daughter Isabel, pointing out that he could not attend her at her home, whereupon the mother authorized him to take her to the hospital as she and her husband assumed the obligation for the cure of their daughter and agreed to pay the expenses for medical treatment.   From that time the witness continued to attend Isabel for account of the spouses Costa-Morales, as the wife said to him, "Doctor, attend my daughter, take charge of all her medical requirements, but do not operate on her if possible to avoid it, as I am afraid of operations.   Do everything that is necessary for our account, as I am here under instructions from my husband to procure my daughter's recovery."   In view of this statement the medical attendance from that time on was continued for account of the spouses Costa.

Witness Evaristo Freiría testified that he telephoned the father of the patient at Juncos, saying that his presence was necessary in San Juan, as his daughter Isabel was very ill; that according to professional opinion it was necessary to take her to the hospital to save her life; that he should come to confer with the physicians and also because the husband was without the necessary funds to pay certain expenses which would be incurred, and that Costa answered that if he could not come his wife would, as she did the next day.

Witness Julio Cerdeiro testified that he was present at the meeting of Dr. García Cabrera and Marcolina Morales and that the latter told the former to treat her daughter the best he could without operating on her if possible to avoid it, as she was very much afraid of operations, but that if this

were not possible, to operate and to spare no expense, as she came under instructions from her husband and they would pay all the expenses necessary to effect the cure of the patient.

Witness José Costa testified that he learned of the illness of his daughter through a telephonic conversation with Freiría. He denies that he engaged Dr. García Cabrera to attend his daughter, or that he authorized his wife to come to this city to secure medical assistance and to pay the fees accruing to Dr. García Cabrera.

Witness Marcolina Morales de Costa testified that she had a conversation with Dr. García Cabrera, during which the physician told her it was necessary to operate on her daughter and wanted her to agree to pay the cost of the operation, which she refused to do, and no reference was made during the conversation to other expenses.

There is no doubt that the professional services were actually rendered by the plaintiff to Isabel Costa de Forteza, daughter of the defendants, and that they were justly valued.

The testimony of Dr. García Cabrera and Julio Cerdeiro shows that if defendant Marcolina Morales agreed to pay the fees of the doctor for medical attendance upon the patient, that obligation was contracted in the name of the conjugal partnership Costa-Morales, and, as held by the trial judge in his opinion, there being no proof that defendant Costa authorized his wife and co-defendant to contract the said obligation, the Costa-Morales partnership cannot be compelled to pay the fees claimed.

Subdivision 1 of section 1323, article 4, Chapter IV, Title III, Book IV of the Civil Code, under the heading "Charges and obligations of the conjugal partnership," provides that "the conjugal partnership shall be liable for all the debts and obligations contracted during the marriage by the husband, and also for those contracted by the wife in the cases in which she can legally bind the partnership."

The obligation in question was not contracted by defendant

José Costa, and we are unable to find any provision authorizing his wife, Marcolina Morales, to contract it so as to bind the conjugal partnership.

The appellant contends that the defendant wife could bind the conjugal partnership, alleging that articles 61 and 1416 of the Spanish Civil Code prohibiting the same are not included in the Revised Code.

We must point out that the judge does not base his decision on these articles, but upon the fact that the husband is the manager of the property of the conjugal partnership, as both the present and the former code recognized.

We will answer the contention of the appellant by quoting our remarks in the case of *Longpré* v. *Registrar of San Juan,* 24 P. R. R. 835.

"*   *   * Nor can it be maintained that the suppression of articles 61 and 1416 of the former code avoided the necessity of such consent, for section 159 of the present code allows the wife to dispose of the conjugal assets only in the case mentioned. The lack of capacity in a married woman to dispose of the conjugal assets without the consent of her husband is a consequence of the character of manager which the law gave and now gives to the husband and does not originate in the prohibition prescribed in said article 61, which referred to her incapacity to contract even as to her own property without the permission of her husband, a prohibition which no longer binds the wife as to such property. Our opinion is corroborated by the provisions of section 161 of the present code, which allows a married woman to contract and appear in court in all cases referring to the defense of her own rights and property, showing that she cannot contract for herself when the property is not her own, as in the case of community assets."

Section 1323 of the Civil Code also provides in subdivision 5 that the conjugal partnership shall be liable for the support of the family, which, according to Manresa, includes payment for all necessaries, the duty of support, that is to say, maintenance, housing, clothing and medical attention, as set forth in article 142 of the Spanish Civil Code (section 212 of the Revised Code).

The foregoing provision does not govern the present action, which seeks to recover for medical services rendered a daughter freed from the *patria potestas* by marriage with Gaspar Forteza, they forming an independent home and constituting the conjugal partnership Costa-Forteza with burdens and obligations distinct from those of Costa-Morales.

In support of his contention the appellant cites section 1599 of the Civil Code, which he thinks is applicable to the case in consonance with the provisions of section 1313, but even in the supposition that the said articles could govern this case, his action would not prosper for want of proof to establish the requisites enumerated in the first-mentioned section.

The judgment appealed from is

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice Hutchison concurred in the judgment.